PORT *v.* WILLIAMS.

A motion to strike out does not perform the office of a demurrer, either under the old or new practice.

Where the matter contained in a paragraph of an answer is insufficient as a defence to the action, yet if it is pertinent to the case and does not appear to be a sham defence, it can not be struck out on motion.

May Term,
1855.

PORT
v.
WILLIAMS.

Wednesday,
May 30.

The vendee of land can not maintain an action against the vendor for a mis-
representation of the quantity of cleared ground on the premises, where he
has himself had opportunity to judge, and ample means within his reach to
form a correct estimate, and appears to have relied on his own judgment.

APPEAL from the *Fayette* Circuit Court.

STUART, J.—Action on the case commenced in *March*,
1853, by *Williams* against *Port* for an alleged misrepre-
sentation in the sale of lands. Verdict and judgment for
1,800 dollars. The evidence is all in the record in proper
form.

It appears that *Port* advertised his farm for sale in one
of the *Cincinnati* papers, representing it to contain seven
hundred and twenty acres, of which four hundred acres
were improved and in a high state of cultivation. Attract-
ed by this notice, *Williams*, prior to his purchase, repaired
to *Port's* in person and examined the premises.

The alleged false representation made before the sale,
but not embraced in the terms of the contract, was, that
there were four hundred acres cleared; whereas it is aver-
red that not more than three hundred and ten acres were
cleared.

For this alleged deficiency in the quantity of cleared
land, this action was brought.

A preliminary question might arise, whether the parties
could go behind the writing—whether that would not be
presumed to contain the whole mind of the contracting
parties. 8 Blackf. 237.—*Id.* 277.—*Id.* 295.—2 Ind. 477.—
*Id.* 656.—7 Blackf. 432. On the other hand, in ascertain-
ing the facts as connected with the execution of any writ-
ten instrument, parol evidence is admissible. *The Mechan-
ics' Bank* v. *The Bank of Columbia*, 5 Wheat. 326. But as
its determination, even adversely to *Williams*, would not
go to the merits of the case, but only serve to drive him
into Court to reform the written contract, the material
questions presented in the record may as well be met at
once.

The first point raised is on striking out part of the
answer. The paragraph which, on motion of the plaintiff,
was stricken out, was, in substance, that before the con-

tract, &c., *Williams* and *Port* went over the land with a
view to estimate the quantity under cultivation; that *Port's*
estimate was four hundred acres—*Williams'* less than three
hundred; that thus the quantity of cleared land was unset-
tled—a mere matter of opinion with both.

The motion to strike out was sustained. This was erro-
neous. In any phase of the case, it was material to *Port*
to be able to show that there was no warranty as to the
quantity of cleared land; that it was a mere matter of
opinion and discussion between the parties, with equal
means of knowledge; and that their views were not con-
current. If *Williams* wished to test the sufficiency of this
plea, he should have demurred. A motion to strike out
does not perform the office of a demurrer, either under the
old or new practice. Whether it was a sufficient defence
to bar the action was wholly immaterial. It was, at least,
such pertinent matter as the Court ought not to strike out
on motion. It was not so irrelevant as to warrant that;
it was not a sham defence. 2 R. S., 44. We are therefore
of opinion that the Court erred in sustaining the motion
to strike out.

The second question arises on the alleged misrepresenta-
tion as to the quantity of cleared land. The contract is
silent on that point.

Had *Williams*, relying on the advertisement in the *Cin-
cinnati* paper, purchased without seeing the land, the case
would have come within the rule in *Van Epps* v. *Harrison*,
5 Hill 63. But the purchaser did not, in that case, make
personal inspection. He trusted to the written representa-
tions of the vendee as to its condition, and consummated
the contract without seeing the premises. Instead of being
level and fit for building lots, as represented, it turned out
to be broken and hilly. The Court held that for the mis-
representation, under these circumstances, an action would
lie.

But this is a very different case. *Williams* did not trust
to the *Cincinnati* advertisement. That seemed to have no
other effect than to call his attention to *Port's* farm. He
accordingly repaired to the premises in person, inspected

them several times, and actually made an estimate of the quantity of cleared land before the contract was completed. In view of this evidence, it can not be said that *Williams* placed a known trust and confidence in *Port*, and acted on *Port's* opinion, within the ruling in *Shaeffer* v. *Sleade*, 7 Blackf. 178, or *Van Epps* v. *Harrison*, 5 Hill, *supra.* For his controversy with *Port* about the quantity seems to have put him upon inquiry. He accordingly set about the investigation, inspected the land for himself, and made his own figures.

In this instance, therefore, the vendee was dealing on equal terms with the vendor, about a matter the truth of which was equally open to both. As farmers, accustomed to make rough surveys with the eye, sufficiently accurate for ordinary purposes, both exercised their judgment, and came to different conclusions. Thus put upon inquiry, instead of taking a written warranty from *Port*, or calling in a surveyor to settle their difference, *Williams* either trusted to his own powers of observation, or, what is more likely, treated the point in dispute as unimportant. Hence the silence of the contract.

We are therefore of opinion that *Williams*, having thus trusted to his own judgment on a matter about which he had ample opportunity to judge, and ample means within his reach to come to a correct conclusion, was not deceived by *Port's* advertisement or *Port's* representations; and has, therefore, no right of action.

In these views we are fully sustained by the authorities. *Sanborn* v. *Stetson*, 2 Story R. 481.—*Hugh* v. *Richardson*, 3 *id.* 659. In this latter case, it is held, that when a purchaser, with full means of knowledge within his reach, relies on his own judgment, even a Court of Equity will not grant relief.

This case is very clearly distinguishable from those referred to in argument. The cases cited relate chiefly to the identity of the tract of land sold—not to its quality or external condition. Thus if the vendor undertake to identify the land, he is bound to a correct description of it. It is impliedly warranted that he is selling the identical tract

of land he has described.  *Cowger* v. *Gordon*, 4 Blackf. 110.—*Id.* 231.  So, also, as to a privilege represented to be annexed to the land, which in fact is not.  *Monell* v. *Colden*, 13 Johns. R. 395.  These cases, no doubt, lay down the law correctly; but it is clearly not the law applicable to the facts before us.

It is not necessary to examine into the proper criterion of damages in cases of misrepresentation.  *Williams*, not being entitled to recover, that question does not arise in the record.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden*, for the appellant.

*J. A. Fay* and *N. Trusler*, for the appellee.