*May Term, 1856.*

*Morgan v. Snapp.*

---

## Morgan v. Snapp.

In chancery, causes are decided on appeal upon the weight of evidence, without regard to the conclusion of the inferior Courts thereon.

A misrepresentation by the vendor, at the treaty for a sale, of the quantity in the tract to be conveyed, will not bind him, unless it appears that the vendee purchased on the strength of the representation.

APPEAL from the *Knox* Circuit Court.

STUART, J.—Bill in chancery by *Elijah Snapp* against *David H. Morgan*, setting out that in *April*, 1849, *Snapp* sold *Morgan* a tract of land for 600 dollars. It seems that the land, though lying together, was in two parcels; one of which is described in the bill, title-bond, &c., by sectional subdivisions; the other is bounded by actually surveyed lines, and courses and distances given. At the time

*Saturday June 7.*

of the sale, *Snapp* gave a title-bond for a deed, to be made on or before *April* 23, 1850, and in the meantime gave *Morgan* possession.

It is further alleged in the bill, that in the title-bond there is a mistake in the description of the tracts of land; that there is land embraced in the bond which was not included in the purchase, nor intended to be; that there is a large part of the purchase-money yet due; that before the commencement of the suit, *Snapp* and wife made and tendered a deed, &c. The prayer of the bill is, that the title-bond be reformed; that the complainant have a decree for the purchase-money; and that he have such other relief as may be equitable.

*Morgan* answered, claiming that the quantity of land sold to him was one hundred and twenty acres; that the deed tendered covered only a little better than eighty-two acres; that the deficiency is thirty-eight acres, worth 10 dollars per acre; and claiming a deduction, &c. The answer closes in the form of a cross-bill, requiring *Snapp* to answer without oath.

In answer to the cross-bill, *Snapp* denies the matter set up in the answer.

On these pleadings, and the depositions of the parties, the Court found in favor of the complainant, ordered the bond to be reformed, and decreed in favor of *Snapp* for the purchase-money. *Morgan* appeals.

This being a cause under the former chancery practice, all the evidence is in the record. We have everything before us which the Circuit Court had. In such cases, what is the rule of decision in this Court? In *Calkins* v. *Evans*, something was said in favor of regarding the finding of the Court, in chancery, in the same light as the verdict of a jury on a trial at law. But it was not necessary to the determination of that case. Besides, the distinguishing feature was clearly pointed out. In chancery, "the evidence is all by deposition. The witnesses do not appear before the Court below. So that the test of credibility afforded by the appearance and manner of the witnesses, is as much wanting in that Court as in this."

It is distinctly stated that the facts in *Calkins* v. *Evans* do not require the application of that distinction. Yet that distinction was early recognized in this state. *Gallion* v. *McCaslin*, 1 Blackf. 91, note.—3 *id*. 231.—6 Ind. 71. In such cases, therefore, this Court will weigh the evidence. *Baker* v. *Leathers*, 3 Ind. 558.

It is observable that neither party set out the title-bond. The bill describes the land as it is described in that instrument. *Morgan*, in his answer, admits that the description of the land in the bond, is as alleged in the bill. Counsel in argument admit that there was a mistake in the bond as to the description of the land. But both parties are silent as to any other matters contained in the bond.

*Morgan* does not claim that the bond had in it any statement of quantity of land; nor does *Morgan's* evidence go to that point. He claims that *Snapp* represented the tract as containing originally one hundred and forty-two acres; that out of that he had reserved from the sale to *Morgan*, two parcels or lots, one of ten acres, the other of twelve acres. The inference is, that the land staked off to *Morgan* contained the residue, viz., one hundred and twenty acres.

*Morgan's* depositions go only to admissions of *Snapp*, made after the sale, that he had sold *Morgan* one hundred and twenty acres—that he had never denied having sold *Morgan* one hundred and twenty acres, &c.

We must therefore presume that the title-bond is wholly silent as to the quantity of land.

The only inquiry then is—

1. Is it competent for *Morgan* to show that such a representation as to quantity was made by *Snapp?*

2. Do *Morgan's* depositions establish such misrepresentation?

Without intimating any opinion on the first point, (the state of the case not requiring it,) we are clear on the second point, that *Morgan's* position is not supported by the evidence. True, some of the witnesses testify to what *Snapp* said after the sale, importing that he had sold *Morgan* one hundred and twenty acres. Other witnesses

May Term,
1856.

who were present at the sale, testify positively that nothing was said about quantity. This, in connection with the presumed silence of the title-bond, and the fact that the part of the tract sold was, at the time of the sale, actually staked off, and the line between the part sold, and the part reserved, clearly distinguished, or at least capable of being so, far outweighs the loose conversations of *Snapp*. It is not pretended that any land was shown to *Morgan* as included in the sale, which was not in fact embraced in it. The entire tract on *Morgan's* side of the staked lines, is all included. If, therefore, it were proved that *Snapp* had represented it as containing one hundred and twenty acres, unless it appeared that *Morgan* had purchased on the strength of such representation, it would not avail. *Morgan* was on the land at the time of the purchase. He helped to stake off the lines. These lines were even varied at his request, so as to include a barn and a row of peach trees. The case does not, therefore, vary much from that of *Port* v. *Williams*, 6 Ind. 219. From the facts in the record, it appears to have been a sale of so much land in gross, for 600 dollars, and not a sale for so much per acre. *Morgan* is not, therefore, entitled to any abatement of the purchase-money.

*Per Curiam.*—The decree is affirmed, with 1 per cent. damages and costs.

*S. Judah*, for the appellant.

*J. P. Usher*, for the appellee.