THE STATE, EX REL. NAVE ET AL., *v.* NEWLIN ET AL.

PLEADING.—*Defences.*—*Duplicity.*—The defendant has a right to plead, in one paragraph of answer, a separate defence to each of the claims set up in the complaint, and in doing so he does not make the paragraph double. Duplicity arises in an answer where two or more defences are pleaded to the same matter.

SAME.—*Practice.*—*Motion to Strike Out.*—*Demurrer.*—The sufficiency of the allegations of a paragraph of answer pleaded to the whole complaint is tested, not by a motion to strike out, but by a demurrer for want of sufficient facts.

EVIDENCE.—*Insanity.*—*Non-Expert Witnesses.*—The opinions of non-expert witnesses, as to a person's unsoundness of mind, are competent evidence, they having stated the grounds of such opinions.

INSANITY. — *Inquest.* — *Attorney's Fees.*—*Guardian.*—*Contract.*—*Practice.* In a proceeding to have a person adjudged to be of unsound mind and to secure the appointment of a guardian for such person, it is the duty of the guardian, under section 5, 2 R. S. 1876, p. 600, to pay, out of the assets or property of the ward, reasonable attorney's fees to the attorney employed to conduct the inquest ; but no specific contract in relation thereto, made before the determination of the inquest, can bind the estate of the ward beyond the reasonable value of the services thus rendered ; and, in an action therefor by the attorney against the guardian, where the complaint is so framed as to permit a recovery of what such services were worth, it is not necessary to prove an alleged agreement to pay a particular sum.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

WORDEN, J.—Action by the appellant, against the appellees, as principal and surety, upon the bond of David Newlin as guardian of McCarty Burcham, an insane person.

There were two paragraphs of complaint. The first alleged, in substance, as a breach of the bond, that, on the 15th day of January, 1876, the said McCarty Burcham was, and now is, indebted to the relators in the sum of two hundred and twenty-five dollars for services rendered said Burcham before he was declared a person of unsound mind, as attorneys in bringing and prosecuting two suits in the Hendricks Circuit Court in his favor, and against

Franklin Burcham, and for services rendered as attorneys of the defendant David Newlin, guardian of said McCarty Burcham, in prosecuting the proceeding by which the latter was adjudged to be a person of unsound mind, and in bringing and prosecuting a suit in the Hendricks Circuit Court for the sale of the real estate of said ward in the name of his said guardian, and in reporting the sale of the land to the court, which amount remains unpaid except as to fifty dollars; that the said guardian has received of money belonging to his said ward the sum of two thousand dollars; that said Newlin, after having informed the Hendricks Circuit Court, in his application for the sale of the real estate of his said ward, that he was indebted to the relators in the sum of one hundred and fifty dollars, and after having been frequently requested by the relators to pay the said sum of two hundred and twenty-five dollars due them, although ordered by the judge of the Hendricks Circuit Court, on, etc., to show cause, on, etc., why he should not pay the amount claimed by them to be due, and although he had the means of his ward in his hands sufficient for that purpose, hath hitherto failed and refused to pay the same.

The second paragraph alleged, by way of assigning a breach of the condition of the bond, that Newlin, as such guardian, was indebted to the relators in the sum of one hundred dollars for their services as attorneys in prosecuting a proceeding in the Hendricks Circuit Court, on the complaint of said Newlin against said McCarty Burcham, charging him with being a person of unsound mind, for which services Newlin agreed to pay the relators the sum of fifty dollars, and in bringing a suit in the court to procure an order for the sale of the. real estate of said ward to pay off his indebtedness, and in reporting the sale of the land to the court, which services were worth one hundred dollars in addition to one hundred and twenty-five dollars

due the relators from said ward for services rendered him as attorneys in prosecuting certain suits in his favor in the Hendricks Circuit Court, against his son Franklin Burcham, which moneys remain due and unpaid, although Newlin was, on, etc., ruled by the judge of the Hendricks Circuit Court to show cause, on, etc., why he did not pay over to the relators the money claimed by them to be due from the estate of said ward, and though the relators have demanded the same.

The defendants demurred to each paragraph of the complaint for want of sufficient facts, but the demurrer was overruled and exception taken. They then answered:

1st. By general denial.

2d. Payment.

3d. As follows: " That, as to so much of said claim as is founded upon services rendered said McCarty Burcham as his attorneys before the appointment of the defendant Newlin as his guardian, these defendants say, that at the time of the employment of said relators by said Burcham, and at the time of the rendition of the services claimed for, the said McCarty Burcham was a person of unsound mind and incapable and incompetent to make a contract; and, as to the remainder of the claim sued for, the defendants say that the same was fully paid and satisfied long before the commencement of this suit."

The relators moved to strike out so much of the third paragraph of answer as related to the unsoundness of mind of said McCarty Burcham, on the ground that the matter was irrelevant, and that the paragraph was double, but the motion was overruled, and the relators excepted. Issue; trial by jury; verdict and judgment for the defendants.

The errors assigned are based upon the ruling of the court in overruling the motion to strike out as above noticed, and in overruling the relators' motion for a new trial.

The paragraph of answer was not open to the objection

of duplicity. It pleaded the unsoundness of mind of Mc-Carty Burcham as a defence to the claim of the relators for services rendered him; and payment as to the residue of their claim. There was but one defence pleaded by the paragraph to any one part of the claim of the relators.

The complaint set up three classes of claims in favor of the relators, viz.: First, for services rendered McCarty Burcham before he was adjudged to be of unsound mind; second, for services rendered for Newlin in the proceeding in which Burcham was found to be of unsound mind; and, third, for services rendered Newlin, as such guardian, after his appointment.

The defendants had a right to plead, in one paragraph of answer, a separate defence to each of the claims thus set up, and in doing so they did not make the paragraph double, inasmuch as but one defence is pleaded to the same claim. Duplicity arises in an answer where two or more defences are pleaded to the same matter.

The method of pleading adopted is in harmony with common law principles of pleading, and is not inconsistent with the code. Thus, it is said in Stephen on Pleading, by Heard, p. 256: "So the *plea*, though it must not contain several answers to the whole of the declaration, may nevertheless make distinct answers to such parts of it as relate to different matters of claim, or complaint. Thus, in the preceding example of duplicity in a plea in bar, if the case were a little varied,—and the defendant being charged with putting five beasts on the common, had pleaded that A. and B. had respectively rights of common there, and that he, as the servant of A., put in two of the beasts in respect of *his* common right, and as the servant of B., put in three, in respect of *his* common right,—there would no longer be duplicity; for he pleads the several titles, not as several answers to the same subject of claim or complaint, but as distinct answers to different matters of complaint,

arising in respect of different cattle." See, also, *Parker* v. *Parker*, 17 Pick. 236.

· The matter in respect to the unsoundness of mind of Burcham was not irrelevant, but it is urged that the allegations in that respect were not sufficient to bar the right of the relators to recover for their services rendered to him, and, therefore, the motion to strike out should have prevailed. But a motion to strike out was not the proper mode of testing the sufficiency of the allegations. See the case of *The Indianapolis Piano Manufacturing Co.* v. *Caven*, 53 Ind. 258, and authorities there cited. A demurrer to the paragraph, for want of sufficient facts, would have raised the question, because it was pleaded to the whole complaint, and, if not good as to the entire complaint, such demurrer should have been sustained.

The paragraph pleaded the unsoundness of mind of Burcham as to part of the matters alleged in the complaint, and payment as to the residue, and must have been good as to the whole, in order to withstand a demurrer for want of sufficient facts. There was no error committed in overruling the motion to strike out.

We come to the motion for a new trial.

On the trial of the cause, the defendants introduced two witnesses, who were non-professional persons, by each of whom they proved facts and circumstances tending to show the unsoundness of mind of McCarty Burcham about the time of the services performed by the relators for him, and proved by the witnesses respectively that in their opinion he was of unsound mind. This is objected to by the appellant, but the opinions of the witnesses, though not experts, were competent, they having stated the grounds of such opinions. *Doe* v. *Reagan*, 5 Blackf. 217 ; 1 Greenl. Ev. 492, sec. 440, note 4.

The court gave to the jury the following charge, viz. :
" A part of the services sued for was the procurement of

the verdict of insanity and the appointment of the guardian, for which they were to have the agreed price of fifty dollars. The question is not before you as to the value. If the relators are entitled to recover at all, they are entitled to recover it all. If the defendant Newlin did not agree to pay fifty dollars for this service, the relators are entitled to recover nothing for the same; whether such an agreement was made is submitted [for you] to pass on and determine it."

Whether the guardian would be liable on his bond to the relators, for any or all of the claims sued for, is a question not here made in the case by the appellees, and we make none. The charge assumes that he would be thus liable for the services of the relators in conducting the proceedings on the inquest of insanity, if he promised to pay a specified sum therefor.

We think it clear that it was the duty of the guardian to pay the relators for such services out of the assets or property of the ward. The statute provides that, " Whenever a guardian shall be appointed for any person of unsound mind, he shall pay the expenses of such trial, but if the jury find that such person is not of unsound mind, then the court shall give judgment against the person making the complaint for the costs." 2 R. S. 1876, p. 600, sec. 5. This section has been construed to require the guardian to pay reasonable attorney's fees to the attorney employed to conduct the inquest. *Brownlee* v. *Switzer*, 49 Ind. 221. But we think the court erred in charging that the relators could not recover for such services at all, unless they proved the alleged agreement to pay fifty dollars therefor.

The first paragraph of the complaint, it seems to us, was so framed as to allow the relators to recover what those services were reasonably worth; and we do not think that Newlin could, before the termination of the inquest and

his appointment as guardian, make a specific contract for such attorney's fees that would bind the estate of his ward. The property of the ward could not be bound for anything more than the reasonable value of the services thus rendered, whatever contract may have been made in relation thereto before the inquest by the person subsequently appointed guardian. The door was open, therefore, for the relators to recover whatever their services in that respect were worth.

The judgment below is reversed, with costs, and the cause remanded for a new trial.