Guthrie *v.* Howland.

---

## GUTHRIE *v.* HOWLAND ET AL.

[No. 19,595. Filed February 14, 1905.]

1. PLEADING.—*Motion to Strike Complaint from Files.*—The motion to strike a complaint from the files can not be made to perform the office of a demurrer. p. 221.

2. SAME.—*Motion to Strike Out.*—*Demurrer.*—*Amendment.*—Where a pleading is stricken from the files, no amendment is contemplated, but

on sustaining a demurrer it is the imperative duty of the court to permit an amendment.   p. 224.

3.   PLEADING.—*Motion to Strike Out.—Nature.*—A motion to strike out is properly used in eliminating immaterial, impertinent or redundant matter ;  and to reject a sham pleading ;  and to reject a pleading lacking some formality required by law.   p. 225.

4.   SAME.—*Striking out Complaint.—Question on Appeal.*—In reviewing the action of the trial court in striking from the files a complaint, the question is not whether the complaint is sufficient on demurrer, but do the facts stated tend to constitute a cause of action.   p. 225.

From Martin Circuit Court; *James W. Ogden,* Special Judge.

Action by Alfred Guthrie against Adda T. Howland and others.   From a decree for defendants, plaintiff appeals. Transferred from Appellate Court under subdivision 1, §1337j Burns 1901, Acts 1901, p. 565, §10.   *Reversed.*

*Padgett & Padgett* and *Elliott, Elliott & Littleton,* for appellant.

*W. R. Gardiner* and *C. G. Gardiner,* for appellees.

JORDAN, J.—This cause was transferred by the second division of the Appellate Court to the Supreme Court under §1337j Burns 1901, Acts 1901, p. 565, subd. 1, §10, for the reasons—asserted in the opinion of the court transferring the cause—that certain decisions of the Supreme Court are erroneous; or, in other words, it is stated in said opinion that "there is a line of cases holding that when a demurrer is sustained to a pleading, and no exception is reserved, and an amended pleading is filed, the original pleading goes out of the record, and can not be considered for any purpose;" citing *Weaver* v. *Apple* (1897), 147 Ind. 304; *State, ex rel.,* v. *Jackson* (1895), 142 Ind. 259 ; *Dorsett* v. *City of Greencastle* (1895), 141 Ind. 38 ; *Gowen* v. *Gilson* (1895), 142 Ind. 328.

The opinion of the Appellate Court further affirms that the holding of the Supreme Court in each of the cases above cited is in conflict with that in the appeal of the *Town of*

*Whiting* v. *Doob* (1899), 152 Ind. 157, and that court recommends that the cases affirming a different rule from that asserted in the Doob case be either modified, distinguished or overruled. But the record in this appeal, from our view, presents no question upon which any of the cases recommended to be modified or overruled can become a ruling precedent. Consequently, under the circumstances, we are not required to review the decisions mentioned by the Appellate Court in order to determine whether the rule of procedure therein announced should be in any manner modified or distinguished.

So far as the record herein can be said properly to disclose, it appears that appellant in the lower court filed his verified complaint or petition to have a judgment rendered in that court in an action between him and the appellees herein set aside and vacated on the alleged ground that it was procured through the fraud of appellee Adda T. Howland. The latter filed a written motion to dismiss, reject and strike out the complaint or petition from the files in said cause. Several grounds were assigned for striking out the complaint, among which was that the complaint "states facts that show that the plaintiff is not entitled to the relief therein prayed for." This motion, over appellant's exception, was sustained, and the complaint was stricken from the files, and judgment was accordingly rendered against him for costs. He appeals, and assigns as error the ruling of the lower court on the motion to strike out and dismiss his pleading. The complaint, and the motion to dismiss, and the ruling of the court thereon, have all been made a part of the record by a bill of exceptions.

The following may be said to be a summary of the facts disclosed by the complaint and relied upon by appellant for setting aside the judgment in controversy: In the year 1896 appellant was the owner of a tract of land situated in Martin county, Indiana, upon which certain mineral springs, known as "Indian Springs," were situated, together with a large

hotel and other buildings.   The hotel had sufficient capacity to accommodate 600 guests, and was fully furnished and equipped with everything necessary for carrying on a hotel. All of said property was of the reasonable value of $80,000. Appellee Adda T. Howland in said year claimed to be the owner in her own right of 33,000 acres of timber land in the counties of Columbia and Bradford, in the state of Florida, which was of the value of $5 per acre.   On August 14, 1896, appellant and she made an even exchange of their said properties; appellant conveying by warranty deed the said Martin county property to her, and she conveying to appellant by warranty deed 27,000 acres, and by a quit-claim deed 3,000 acres of the land situated in Florida. This land was encumbered by a mortgage of $2,700 held by one McKhann, and appellant assumed the payment of this mortgage; and, in order to make the trade an "even one," appellee Adda T. Howland executed to appellant a mortgage on the Martin county property for $2,700.   In conducting this trade, one Baxter acted as the agent of appellee Howland, and she and her said agent had and used an abstract of title to the Florida lands which purported to show a good and perfect title therein to appellee Howland, and that said land was free from encumbrance, except the mortgage for $2,700.   Appellee Howland also made an affidavit in which she stated that the title to said lands in Florida was vested in her, except the rights of squatters on the same, and that it was free from all encumbrances.   Appellant resided in Indiana, and was wholly unacquainted with said lands in Florida, or in respect to the title thereto, and relied on said abstract and affidavit as to appellee Howland's title.   On September 1, 1897, it appears that appellant filed in the Martin Circuit Court his complaint against appellee Howland and the other appellees herein to rescind said trade, and to recover his Martin county property; and on the 11th day of April following he filed his amended complaint, which is set out in full in the petition herein.   By the

amended complaint he set out the facts heretofore stated, and, in addition thereto, the further facts that, prior to the execution of the deed to appellant for the Florida lands, appellee Howland had conveyed the same to one McKhann; that there were, at the time of making said trade by appellee Howland and appellant, numerous persons unknown to appellant in possession of the lands, owning the same and claiming title thereto, which claim was paramount to the title of appellee; that prior to the time she executed to appellant the deed to the Florida lands she had conveyed a large and valuable part of said lands to said McKhann, and that he and his agents had taken possession thereof, and had sold and conveyed and received money for all of said lands that had any market value. He further averred that appellee Howland and her agents "falsely and fraudulently represented to him that she had a good and feasible title," and that he relied upon these representations and believed them to be true, but in fact they were false, and were known to be false at the time by appellee Howland and her agent, and that she did not have a good title to the lands in question.

Issues were shown to have been joined between the parties on the complaint and cross-complaint filed in the case, and all of the pleadings and papers therein apparently are made exhibits in appellant's petition in the case at bar. It is further shown that before said cause came to trial appellant and appellee Howland entered into a compromise, which was entered of record in the form of a judgment, by the terms of which all matters existing and in controversy between appellant and appellees in said action were adjusted, and a judgment was entered of record quieting the title of appellee Howland to the Martin county property conveyed to her by appellant and declaring a lien thereon in favor of appellant for the sum of $400. Appellant alleges in his petition herein that at the time he filed his complaint and amended complaint in the action heretofore mentioned,

he did not know of any defects in the title to said Florida lands, except the claim of title by McKhann and the claims made thereto by squatters. He alleges that at and before he entered into said compromise and permitted said judgment to be rendered he had knowledge that the McKhann deeds were invalid and ineffectual to convey title, for the reason that they had not been recorded within the time prescribed by law; and he avers that after the filing of his said complaint in the original action, and before the compromise therein was effected, the squatters had surrendered to him their claims and possession to said Florida lands, so that when he entered into the compromise and suffered the judgment in question to be rendered he believed that all claims and defects in said title "had been cleared up," and that he knew of no defects then existing, in respect to said title. He further charges that appellee Howland, in order to induce him to enter into said compromise, and consent to the rendition of the judgment in controversy, "falsely and fraudulently" represented to him that she had a good and perfect title to said real estate when she conveyed it to him (appellant), and that there were no defects in her title, and appellant knew of no defects in said title, and relied upon the statements and representations of herself and her agent, and was induced thereby to enter into said compromise and consent to the rendition of the judgment in controversy.

It is further disclosed that appellee Howland and her agent at the time of making said trade, and up to and including the negotiations leading to the compromise and rendition of judgment, fraudulently concealed from appellant certain defects in the title to the Florida lands in question, all of which defects were well known to appellee and her agent, but were wholly unknown to appellant; that had he known of the same he would neither have made said trade, nor entered into the compromise and consented to the rendition of the judgment. These concealed defects in the title to the land appear to be as follows: On April 7, 1879,

14,000 acres of the Florida land was sold for delinquent taxes, and a certificate of purchase issued. No redemption from said sale was ever made, and the certificate in question was assigned to appellee Charles F. McKhann, who was the owner and holder thereof at the time of said trade, compromise and judgment, all of which facts at the time were known to appellee Adda T. Howland. McKhann in July, 1899, presented his certificate to the proper officers in Florida, and thereunder, as he was entitled to by the laws of Florida, received a deed for the lands, and was put in possession thereof, and, by reason of this sale and conveyance, appellant was deprived of 14,000 acres of land, which was a valuable portion of the entire tract, and was of itself of the value of $30,000. It is averred that the first knowledge appellant had of said tax sale, and the issuance of said certificate, and the conveying of said land to McKhann, was in July, 1899, and thereafter, on the first day of the term of the Martin Circuit Court, he filed his complaint herein.

It is further disclosed from the facts as charged in the petition that appellee Howland and her agent conspired to cheat and defraud appellant out of his aforesaid property, known as "Indian Springs," in Martin county, Indiana, and that, to accomplish said purpose, they furnished him a defective, false and fraudulent abstract of title in respect to the Florida land, and appellee made a false affidavit in relation to her title thereto, and falsely and fraudulently represented said title to be good, and purposely and fraudulently concealed from appellant all of the material defects in respect to said title, which were well known to her and her agent, but wholly unknown to appellant, and that he was deceived and misled by said false and fraudulent representations, etc., and was induced thereby to make said trade, and enter into the said compromise, and consent to the rendition of the judgment in controversy.

No demurrer was filed to this petition, and the only attempt made to challenge its sufficiency by appellee was by

the motion hereinbefore referred to. The court, in sustaining the motion to dismiss and strike the petition from the files, appears to have based its ruling on the ground that, under the facts therein alleged, the plaintiff was not entitled to the relief demanded.

Counsel for appellees, in attempting to justify the action of the court in sustaining the motion to strike out and dismiss the complaint, assign substantially the following reasons: (1) That the facts stated in the complaint might have constituted grounds for a new trial in the original action in which the judgment in controversy was rendered; (2) that this proceeding can not be maintained if appellant could have been heard on a motion for a new trial, either as of right or upon the grounds upon which he bases his complaint in this action; (3) that the action can not be maintained on the grounds stated in the petition; (4) that the complaint does not show that appellant either paid or tendered to appellee Howland the $400 received by him from her in the compromise in dispute; (5) that the action will not lie because it is disclosed in the complaint that the judgment sought to be set aside was rendered by agreement.

1. Counsel argue at some length that, under the facts alleged in the complaint, appellant might have prosecuted an action to review the judgment, hence they contend that this proceeding to set aside the judgment for fraud can not be maintained. Considering the grounds assigned in the motion to dismiss, and the argument advanced by counsel for appellee Howland, it is evident that said appellee undertook to assail the sufficiency of the facts alleged in the complaint by the means of her motion to strike out and dismiss; or, in other words, she attempted to make the motion in question perform the office of a demurrer. That such practice is not authorized, and that the lower court erred, under the circumstances, in sustaining the motion to strike the complaint from the files, is well affirmed by many decisions of this court and other authorities. *Port* v. *Williams* (1855), 6

Ind. 219; *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248; *Indianapolis Piano Mfg. Co.* v. *Caven* (1877), 53 Ind. 258; *City of Elkhart* v. *Simonton* (1880), 71 Ind. 7; *Chicago, etc., R. Co.* v. *Summers* (1887), 113 Ind. 10, 3 Am. St. 616; *Mabin* v. *Webster* (1891), 129 Ind. 430, 28 Am. St. 199; *Burk* v. *Taylor* (1885), 103 Ind. 399; *Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501; *McCoy* v. *Stockman* (1897), 146 Ind. 668; *Pittsburgh, etc., R. Co.* v. *Mahoney* (1897), 148 Ind. 196, 40 L. R. A. 101, 62 Am. St. 503; *Hershiser* v. *Delone & Co.* (1888), 24 Neb. 380, 38 N. W. 863; *Smith* v. *American, etc., Co.* (1894), 77 Hun 192, 28 N. Y. Supp. 329; *Ingersoll* v. *Dixon* (1892), 20 N. Y. Supp. 810; *Kelly* v. *Ernest* (1898), 26 Hun, App. Div., 90, 49 N. Y. Supp. 896; 20 Ency. Pl. and Pr., 988; 14 Ency. Pl. and Pr., 92.

In 20 Ency. Pl. and Pr., 988, it is said: "A motion to strike out, like a motion to dismiss, will reach formal defects only and will not be allowed to take the place of a demurrer. The sufficiency of a pleading in matters of substance must be tried on demurrer, and not on a motion to strike out.

In the case of *Port* v. *Williams, supra,* a paragraph of the defendant's answer on the motion of plaintiff was stricken out. In passing upon the question the court said: "This was erroneous. In any phase of the case, it was material to Port to be able to show that there was no warranty as to the quantity of cleared land; that it was a mere matter of opinion and discussion between the parties, with equal means of knowledge; and that their views were not concurrent. If Williams wished to test the sufficiency of this plea, he should have demurred. A motion to strike out does not perform the office of a demurrer, either under the old or new practice. Whether it was a sufficient defense to bar the action was wholly immaterial. It was, at least, such pertinent matter as the court ought not to strike out on motion. It was not so irrelevant as to warrant that; it was

not a sham defense. 2 R. S. [1852, §77], p. 44. We are therefore of opinion that the court erred in sustaining the motion to strike out."

In *Clark* v. *Jeffersonville, etc., R. Co., supra,* in considering the ruling of the lower court on a motion to strike out a pleading, it is said: "When a demurrer is sustained to a pleading, the party has a right to amend, but when a pleading is stricken out, it can not be amended, for it is out of the record. The party then must either reserve the question by a bill of exceptions and seek relief in this court, or obtain the leave of the court to file another pleading."

In *Burk* v. *Taylor, supra,* the only error involved was the decision of the lower court in sustaining a motion to strike out the defendant's answer. This court, in that appeal, said: "Under this error, the only question discussed by counsel is, whether or not the answer in question stated facts sufficient to constitute a good defense. It is unnecessary for us to consider or decide this question, because, whether the answer be good or bad, it is certain that the trial court erred in sustaining appellee's motion to strike out such answer. It is settled by the decisions of this court that a motion to strike out will not perform the office of a demurrer for the want of sufficient facts. What was said by this court, upon the question under consideration, in *Port* v. *Williams* [1855], 6 Ind. 219, may well be said of the answer in the case now before us: 'Whether it was a sufficient defense to bar the action was wholly immaterial.' " For the error of the court in striking out the answer in that case, the judgment was reversed with instructions to overrule the motion.

In *McCoy* v. *Stockman, supra,* this court, in considering the question raised on the ruling of the lower court denying a motion to strike out the cross-complaint therein filed, said: "Even though the cross-complaint stated no cause of action against appellants, that circumstance furnished no ground for striking out. It is well established in this State that it

is error to strike out a complaint on the ground that it does not state facts sufficient to constitute a cause of action. *Port* v. *Williams* [1855], 6 Ind. 219 ; *State, ex rel.,* v. *Newlin* [1879], 69 Ind. 108 ; *Indianapolis Piano Mfg. Co.* v. *Caven* [1877], 53 Ind. 258 ; *Fletcher* v. *Crist* [1894], 139 Ind. 121. The reason of the rule is, that if the facts stated are not sufficient to constitute a cause of action the plaintiff has a right to amend his complaint so it will state a cause of action. This he could not do if the pleading was stricken out. The same rule applies to a cross-complaint."

The decisions of this court which we have cited fully disclose that the practice of allowing a motion to strike out a pleading to perform the office of a demurrer is neither recognized nor permitted in this jurisdiction. Our civil code (§342 Burns 1901, §339 R. S. 1881) provides some six separate grounds for demurrer to a complaint, the first of which is "that the court has no jurisdiction of the person of the defendant or the subject of the action." The fifth ground is that the complaint does not state facts sufficient to constitute a cause of action. In fact, it may be said under our code there can be no sufficient reason advanced for allowing a motion to strike out to serve the purpose of a demurrer.

2. Section 345 Burns 1901, §342 R. S. 1881, provides: "If the court sustain or overrule a demurrer, the party affected by such ruling may plead over or amend, upon such terms as the court may direct, and on payment of costs occasioned by the demurrer." This provision in respect to allowing amendments to be made has been held to be imperative. *Ewing* v. *Patterson* (1871), 35 Ind. 326. It will be observed that our decisions properly affirm that where a pleading is stricken out on motion it is eliminated from the record and can not be amended. In such a case §345, *supra,* has no application, and does not control. It is therefore evident that, if a motion to strike out were permitted to serve the purpose of a demurrer, the litigant whose plead-

Guthrie *v.* Howland.

ing was rejected on motion or stricken from the files might be prejudiced in his right to amend as awarded by the above section of our code.

In *Consolidated Coal Co.* v. *Peers* (1897), 166 Ill. 361, 46 N. E. 1105, 38 L. R. A. 624, the court said: "It has been held by this court in several cases that if a plea is insufficient in substance or form the only mode of taking advantange of the defect is by demurrer, and that it is improper to strike the plea from the files. * * * To substitute a motion to strike a pleading from the files in place of a demurrer to such pleading is to abrogate the rules of the common law pertaining to pleading and practice, and to introduce a new and dangerous rule of procedure, and one that would tend to deprive parties litigant of the statutory right of amendment."

3. It is true that a motion to strike out is recognized in practice as serving a useful purpose, in stripping a pleading of immaterial, impertinent or redundant matter. It is also employed to strike out or reject a sham pleading under §385 Burns 1901, §382 R. S. 1881. See *Pittsburgh, etc., R. Co.* v. *Fraze* (1898), 150 Ind. 576, 65 Am. St. 377. A motion to reject or strike a pleading from the files is frequently invoked where some formality required by the statute has been omitted—for instance, failure to verify the pleading, or to have it signed by the party or his attorney, etc. It is not claimed, however, that the complaint herein comes within any of the above-mentioned cases.

4. Whether the complaint in the case at bar is good or bad on demurrer we are not called upon to decide. To do so would be, in effect, to recognize and uphold the practice to substitute a motion to strike out for a demurrer. It is sufficient to say that the facts averred therein at least tend to constitute a cause of action. The recognized test is to inquire, do the facts stated in the pleading in question tend to constitute a cause of action or defense? *Clark* v. *Jeffer-*

Vol. 164—15

*sonville, etc., R. Co.* (1873), 44 Ind. 248; *Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501.

It follows that the court erred in sustaining the motion to strike the complaint in question from the files, for which error the judgment is reversed, and the cause remanded, with instructions to the lower court to overrule said motion.