# HART v. SCOTT.

[No. 20,939.   Filed May 28, 1907.]

1.   DRAINS.—*Procedure.—Civil Code.*—Where the procedure for the establishment of a drain is not fully stated in the drainage statutes, the civil code will be resorted to, to supply the omissions.   p. 531.

2.   PLEADING.—*Answer.—Motion to Strike Out.—Demurrer.*—Where an answer is so palpably bad that it cannot be amended so as to be germane to the cause of action, a motion to strike out may be sustained, but such motion is not designed to perform the office of a demurrer.   p. 532.

3.   APPEAL.—*Answer.—Overruling Motion to Strike Out.—Harmless Error.*—Overruling a motion to strike out a paragraph of answer is harmless error.   p. 532.

4.   SAME.—*Bill of Exceptions.—Evidence.—Offers to Prove, and Exceptions.—How Shown.*—Under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901) a bill of exceptions containing the evidence, the offers of proof, and the exceptions to the exclusion of such offered proof, and certified by the judge as a full, true and complete transcript of the evidence given in the cause, makes such offers and exceptions a part of the record.   Gillett, J., not concurring.   p. 533.

5.   SAME.—*Briefs.*—Where the briefs, on appeal, contain enough fairly to advise each of the judges of the questions for decision, they are sufficient.   p. 533.

6.   SAME. — *Briefs. — Bills of Exceptions.* — Though appellant's brief does not affirmatively show that a bill of exceptions containing the evidence was filed, its assumption of such filing, by citing the record containing same, sufficiently informs the judges thereof.   p. 533.

7. DRAINS.—*Outlet.*—*Waters.*—*Evidence.*—It is not necessary to show that a proposed drain will empty into another drain; and the exclusion of evidence that it will have a natural or prescriptive watercourse for its outlet is reversible error.   p. 534.

From Fulton Circuit Court; *O. F. Montgomery,* Special Judge.

Drainage petition by Roy E. Hart, against which Emmet H. Scott remonstrates. From a judgment for remonstrator, the petitioner appeals. *Reversed.*

*Arthur Metzler,* for appellant.

*Holman & Stephenson,* for appellee.

GILLETT, J.—This proceeding was instituted by petitioner, before the Board of Commissioners of the County of Fulton, to establish a public drain. Viewers were appointed, who reported in favor of the establishment of the work. Prior to the date set for the hearing, appellee appeared and filed a remonstrance in eight paragraphs. Such proceedings were afterwards had before the board that the drain was ordered established, and from this order appellee appealed to the circuit court. In the latter court appellant assailed the legal sufficiency and relevancy of the first, second, third and fourth grounds of remonstrance, by a motion to strike each of them out, and upon the overruling of his motion he reserved an exception. A trial was had, which resulted in a finding, and, over appellant's motion for a new trial, a judgment for appellee.

Error is based on the overruling of appellant's motion to strike out each of said four paragraphs of remonstrance, and on the overruling of his motion for a new trial.

The first question for our determination is whether appellant can predicate error upon the overruling of his motion to strike out. The statute is silent as to the

1. method of questioning the sufficiency in law of a remonstrance in a drainage proceeding, but it is clear that in the circuit court the provisions of the civil code are to be resorted to, to supply omissions in the drain-

age statutes. *Crume* v. *Wilson* (1886), 104 Ind. 583; *Bass* v. *Elliott* (1886), 105 Ind. 517; *Robinson* v. *Rippey* (1887), 111 Ind. 112; *Chicago, etc., R. Co.* v. *Summers* (1887), 113 Ind. 10, 3 Am. St. 616. In the case last cited, which was a special proceeding, instituted by what the statute denominates a motion, it was held error to reject or strike out the defendant's answer thereto, since it tended to state a cause of defense, and therefore the plaintiff should have raised the question by demurrer.

If an answer is so palpably irrelevant that it is manifest that it could not be so amended as to make the facts therein stated in anywise germane to the controversy, it 2. may be rejected on motion. *Port* v. *Williams* (1855), 6 Ind. 219; *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248; *McGrew* v. *McCarty* (1881), 78 Ind. 496; *Acme Cycle Co.* v. *Clarke* (1901), 157 Ind. 271. A motion to strike out, however, is not designed to perform the office of a demurrer (*Port* v. *Williams, supra;* *Burk* v. *Taylor* [1885], 103 Ind. 399; *Chicago, etc., R. Co.* v. *Summers, supra;* *Guthrie* v. *Howland* [1905], 164 Ind. 214), nor is it a favored motion (*Clark* v. *Jeffersonville, etc., R. Co., supra; Acme Cycle Co.* v. *Clarke, supra; Guthrie* v. *Howland, supra*), and, since the overruling of it has no effect, other than to leave an irrelevant 3. pleading in the record, we have held, and correctly so we think, that error cannot be predicated upon the action of the court in overruling a motion to strike out a pleading. *Woodhams* v. *Jennings* (1905), 164 Ind. 555. The overruling of a motion to reject an answer does not, like the overruling of a demurrer, commit the court definitely to the theory that the pleading is good, so as to create a presumption that error has entered into the record, but the overruling of the motion means no more than that the court is not so satisfied of the irrelevancy of the pleading as to feel warranted in rejecting it summarily without leave to amend, and therefore the party, if he does not see

fit to demur, must offer his objection upon the hearing or by motion for a new trial. We hold that the cause cannot be reversed because of the overruling of the motion to strike out.

Appellant's counsel further contend for a reversal because of alleged errors in the admission and rejection of testimony. Opposite counsel seek to meet the

4. propositions therein involved by the contention that the objections, the offers to prove, and the exceptions are not verified by the bill of exceptions. The court is of opinion that, under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901), which provides the only method of getting an original bill of exceptions of the evidence into the transcript (*Mankin* v. *Pennsylvania Co.* [1903], 160 Ind. 447), it is not necessary for the presiding judge to make any formal statement as to the authenticity of the record recitals concerning the objections, offers to prove and exceptions; that these matters pertain to the evidence, and that they are covered by the certificate that the bill contains a full, true and complete transcript of the evidence given in the cause. The writer of this opinion is not prepared to sanction this view, but upon this point he voices the opinion of his associates.

It is also contended by appellee's counsel that appellant's brief is so defective that we should not, under our rules, consider the admission and exclusion of testimony.

5. There is a degree of irregularity in the order of the statement of the questions presented in appellant's brief, but we are of opinion that it contains enough fairly to advise each of the judges of the questions which are presented for decision. See *Low* v. *Dallas* (1905), 165 Ind. 392; *Howard* v. *Adkins* (1906), 167 Ind. 184. It is true, as contended, that there is no statement in said brief of the filing of a bill of exceptions containing the evidence.

6. Citations to the evidence in said brief assume that the evidence has been brought into the record, and

thus said fact is necessarily implied from what is stated. Besides, a large part of the brief of appellee, as well as of appellant's reply brief, is taken up with the bill of exceptions of the evidence as filed. We can scarcely say, in view of all this, that each of the judges is not advised of the filing of such bill. Reason is the life of any rule, and we are not disposed to avoid the decision of questions because of trifling omissions, in the statement of facts, of matters which every lawyer would take for granted.

Taking up the question of the exclusion of evidence, it may be said that it appears in a variety of ways that appellant, by the offer of direct evidence and the cross-examination of appellee, sought to show that the proposed drain would have for an outlet a natural or prescriptive watercourse. There can be no doubt of the right to make such a watercourse available as a conduit for the discharge of the waters of a public drain, at least where the augmented flow would not tax the stream beyond its capacity. It would scarcely seem necessary to continue the route of a proposed drain along the line of a watercourse in order to make it available for carrying off the waters of the drain, for by such a process of reasoning the petitioners could scarcely stop short of the sea. No question of damages is before us on this appeal. The court below evidently acted on the theory that a public drain could only have a public drain for its outlet, since it excluded a number of items of evidence tending to develop the fact that the channel into which it was proposed to empty the waters of the projected ditch was in fact an ancient watercourse. There was error in these rulings.

Judgment reversed, with an order to grant a new trial.