## ELLISON ET AL. v. BRANSTRATOR.

[No. 6,434. Filed June 22, 1909. Rehearing denied October 27, 1909. Transfer denied February 4, 1910.]

1. CONTRIBUTION.— *Foreclosure.— Complaint.— "Junior."— "Inferior."*—A complaint for contribution alleging that defendant's claims are "junior" to those of plaintiff sufficiently shows that such claims are "inferior" to those of plaintiff. p. 310.

2. CONTRIBUTION.— *Demand.— Redemption.— Complaint.*— A complaint by the personal representative of a redemptioner of four parcels of land sold in a body at sheriff's sale, such redemptioner owning only two of such parcels, need not allege a demand for contribution, the statute (§812 Burns 1908, §769 R. S. 1881), giving the redemptioner a lien therefor. p. 310.

3. PLEADING.— *Cross-Complaints.— Paragraphs.— Striking Out on Joint Motion.*—Sustaining a motion to strike out a cross-complaint consisting of several paragraphs constitutes reversible error if one of such paragraphs is sufficient to withstand such motion. p. 311.

4. PLEADING.—*Motions to Strike Out.—Questions Presentable.*—A motion to strike out a pleading does not raise the question of its sufficiency. p. 311.

5. PLEADING.—*Motions to Strike Out.—Relevancy.*—A pleading incapable of amendment so as to make it germane to the issues, may be rejected on motion. p. 312.

6. PLEADING.—*Relevancy.*—A pleading that has no substantial relation to the controversy is irrelevant. but if it may be amended so as to make it germane it can be demurred to, but cannot be stricken out on motion. p. 312.

7. CONTRIBUTION.—*Sheriff's Sales.—Tax Sales.—Cross-Complaints. —Striking Out.*—In a suit for contribution by the representative of a redemptioner from sheriff's sale of several parcels of land sold in a body, some of which parcels were owned by such redemp-

tioner, and some by others, the complaint alleging that defendants were asserting claims to such redeemed parcels, and that their claims were inferior to those of such redemptioner, a cross-complaint alleging that the cross-complainant purchased the parcels in controversy at a tax sale prior to such sheriff's sale and had a tax deed therefor, is germane to the issues, and should not be stricken out on motion.  p. 313.

8.  TAXATION.—*Ditch Liens.—Tax Liens.—Superiority of.*—A tax lien is superior to a ditch assessment lien, a tax deed ordinarily giving to the grantee a fee simple title, subject only to claims by the State, of which a ditch assessment lien is not one.  p. 313.

9.  DEEDS.—*Tax Sales.—Presumptions.—Liens.*—A tax deed is presumed to be legal and to vest in the grantee an absolute title in fee simple; but if it be illegal, it, nevertheless, constitutes a lien for the amount paid.  pp. 313, 314.

10.  DEEDS.—*Legal.—Equitable.—Merger.—Tax Sales.*—The holder of a tax deed who afterwards receives a conveyance of the land from the owners may, when equity requires it, enforce his rights under the tax sale, since equity keeps the tax lien alive to protect his rights.  p. 314.

11.  APPEAL.—*Briefs.*—A brief, though imperfect, presenting the points to be decided, is sufficient.  p. 314.

From Allen Circuit Court; *Joseph W. Adair*, Special Judge.

Suit by Charles W. Branstrator, as administrator with the will annexed of William Branstrator, against Thomas E. Ellison and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*S. R. Alden* and *Thomas E. Ellison, in pro. per.,* for appellants.

*Olds & Doughman,* for appellee.

HADLEY, C. J.—By this action appellee, Charles W. Branstrator, administrator with the will annexed of the estate of William Branstrator, deceased, sought to enforce a lien for contribution against certain parcels of land described in the complaint. The complaint is in two paragraphs, both containing the same general averments, but applying to separate parcels of land. By the averments of these paragraphs it appears that prior to 1887 a ditch had

been established which affected all of said lands; that the lands referred to in the first paragraph were in separate parcels but contiguous. These parcels we shall refer to, for brevity, as A and A″, and the lands in the second paragraph shall be designated as B and B″.

At the time of the establishment of the drain and the assessments thereunder, A and A″ were standing on the tax duplicate in the name of Robert Norton, and both of said parcels were assessed as one tract, and B and B″ were also, at that time, on the tax duplicate in the name of Robert Norton, and they were assessed as one parcel; that in fact, at said time, appellee's testator was the owner of both A″ and B″, and so continued the owner until his death after the establishment of the drain, and the sale and redemption hereinafter described; that on December 10, 1887, such proceedings were had in the Superior Court of Allen County, that a judgment was rendered foreclosing the ditch assessments levied upon each of said parcels of land, and ordering said lands to be sold by the sheriff, as provided by the statute. On February 11, 1888, all of said lands were sold by the sheriff, under said decree, to appellant Thomas E. Ellison, A and A″ being sold as one parcel and B and B″ sold as another. Thereafter, on February 2, 1889, appellee's testator, to protect his title in A″ and B″, redeemed from said sale, paying the full amount of the purchase price paid by appellant Thomas E. Ellison to the clerk of the circuit court, together with the costs and charges; that appellant Thomas E. Ellison received and receipted for said money to the clerk of said court; that the amounts so paid for the redemption of said tracts of land were $521.95 and $311.35, respectively; that by means of said redemption, appellee's testator thereby acquired a lien upon those parcels not owned by him, being parcels A and B, for their proportionate share of said sum so paid out for their redemption. It is averred that said appellant claims to have some title to, interest in, or lien upon said real estate; but

whatever title to, interest in, or lien upon the land which said appellant has, or claims to have, is junior to the lien and rights of appellee, and casts a cloud upon the title, interests and rights of appellee, and he is made party to answer to such interest. Prayer for foreclosure of his lien and the sale of the premises.

This is the second appeal of this case. See *Ellison* v. *Branstrator* (1905), 34 Ind. App. 410. In the former appeal the complaint was held insufficient for lack of certain averments. The complaint now before us has been amended to meet these objections. The former opinion has a particular recital of the averments of the complaint, and as such averments are the same in the complaint now before us we have omitted many portions of said complaint from our statement. It is objected to the complaint that it

1. is still insufficient. It is urged that the averment, that said claims of said appellant are junior to the interest of appellee, is not equivalent to averring that such claims are inferior. There is no virtue in this contention. The averment that the lien is junior to the lien asserted, is a sufficient averment that it is inferior to such lien. *Murdock* v. *Ford* (1861), 17 Ind. 52; *Holmes* v. *Bybee* (1870), 34 Ind. 262; *McKernan* v. *Neff* (1873), 43 Ind. 503; *Hosford* v. *Johnson* (1881), 74 Ind. 479.

It is also urged that the complaint is insufficient, for the reason that it does not aver a demand for repayment before bringing the suit. This is not necessary. The stat-

2. ute provides that where one redeems from sale property in which he holds an interest, but does not own the whole he shall have a lien on the several shares of the other owners for their respective shares of redemption money. §812 Burns 1908, §769 R. S. 1881. When a redemption is made under this section, the redemptioner holds his lien in the nature of an assignee of the original lien holder. The lien is not removed but continued, and is enforceable without further demand, at any time after the

expiration of the time for redemption by other parties in interest. *Gibson* v. *Crehore* (1827), 5 Pick. (Mass.) 146. Other objections urged against the complaint were settled in the former appeal. Each paragraph of the complaint is sufficient.

To the complaint appellants filed four paragraphs of answer, each of which, except the fourth, which was a general denial, went out on a demurrer or a motion to strike out. Neither of said rulings is assigned as error, and no question is here presented thereon. Appellants then filed a cross-complaint in three paragraphs, which was afterwards superseded by an amended and supplemental cross-complaint in three paragraphs. This amended cross-complaint made William McNair a party defendant, to whom summons was issued, and he appeared by guardian *ad litem,* and filed a separate motion to strike out said cross-complaint. Appellee also filed a separate motion to strike out said cross-complaint. The motion of each, the appellee and McNair, was joint as to all the paragraphs of said cross-complaint. Each of said motions was sustained by the court and said cross-complaint was stricken out. These rulings of the court are assigned as error. Since each of said motions to strike out was a joint motion as to all the paragraphs, if either of said paragraphs was sufficient to withstand the motion, the court's ruling thereon was erroneous. *Board, etc.,* v. *Nichols* (1894), 139 Ind. 611; *Baum* v. *Thoms* (1898), 150 Ind. 378, 65 Am. St. 368.

The only proper ground stated in each of said motions was that the facts set out in said cross-complaint were not germane to the issue and were irrelevant. Other grounds were stated, going to the sufficiency of the pleading. We do not consider this question. A motion to strike out a pleading does not raise the question of its sufficiency. *Port* v. *Williams* (1855), 6 Ind. 219; *Hart* v. *Scott* (1907), 168 Ind. 530; *Burk* v. *Taylor* (1885), 103 Ind. 399.

If a pleading is so palpably irrelevant that it is manifest that it could not be amended so as to make the facts therein stated in anywise germane to the controversy, it may be rejected on motion. *Hart* v. *Scott, supra*, and cases cited; *Guthrie* v. *Howland* (1905), 164 Ind. 214, and cases cited. In the case last cited the court, quoting from 20 Ency. Pl. and Pr., 988, said: "A motion to strike out, like a motion to dismiss, will reach formal defects only and will not be allowed to take the place of a demurrer. The sufficiency of a pleading in matters of substance must be tried on demurrer, and not on a motion to strike out." In the case of *McCoy* v. *Stockman* (1897), 146 Ind. 668, the court said: "Even though the cross-complaint stated no cause of action against appellants, that circumstance furnished no ground for striking it out. It is well established in this State that it is error to strike out a complaint on the ground that it does not state facts sufficient to constitute a cause of action. *Port* v. *Williams* [1855], 6 Ind. 219; *State, ex rel.,* v. *Newlin* [1879], 69 Ind. 108; *Indianapolis Piano Mfg. Co.* v. *Caven* [1876], 53 Ind. 258; *Fletcher* v. *Crist* [1894], 139 Ind. 121. The reason of the rule is, that if the facts stated are not sufficient to constitute a cause of action the plaintiff has a right to amend his complaint. so that it will state a cause of action. This he could not do if the pleading were stricken out. The same rule applies to a cross-complaint." And this is quoted with approval in the case of *Guthrie* v. *Howland, supra.*

A pleading is irrelevant which has no substantial relation to the controversy between the parties to the action. *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248: *Seward* v. *Miller* (1852), 6 How. Prac. 312. A pleading, however, which is so framed that it does not set up a cause of action or a valid defense, as the case may be, but which states facts that tend to, and might, by proper averment, constitute such cause of action or defense, will not be stricken out as irrelevant, but may be demurred to.

*Clark* v. *Jeffersonville, etc., R. Co., supra; Guthrie* v. *Howland, supra; Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501.

The facts averred in the first paragraph of the amended cross-complaint show that appellant Ellison purchased the lands, against which appellee is asserting his lien, at 7. a tax sale prior to the redemption of said land by appellee's testator, but subsequent to the sale from which such redemption was made; that no redemption had been made from said tax sale and that said appellant had received a tax deed to the same; that at the time he so purchased said land at said tax sale he had no interest in it, except by the purchase at sheriff's sale from which appellee's testator redeemed, and which act forms the basis of appellee's claim. This certainly was relevant to the controversy. Appellee is asserting a lien against the land owned by said appellant. Appellee avers that said appellant has, or claims to have, some title or interest in said land, but that such title or interest is junior to appellee's claim. By said appellant's first paragraph of cross-complaint he asserts a title to said lands by virtue of a tax deed, and by his averments shows that this title is paramount to the lien of appellee; that the lien that appellee is asserting is a cloud upon his (said appellant's) title, and he asks the court for a decree quieting his title against the very lien appellee is seeking to enforce.

The tax lien was superior to the ditch-assessment lien, and when said appellant acquired the tax lien, and thereupon a deed, he became vested with an absolute estate in fee 8. simple, subject only to claims of the State for taxes, liens or encumbrances. §10379 Burns 1908, Acts 1891, p. 199, §205.

The ditch assessment here is not a claim or lien of the State. If the tax sale was legal, and it is presumed to 9. be so, and appellee's testator failed to redeem therefrom, and said appellant thereby obtained title un-

der the statute, appellee's lien for contribution on the land thus acquired became thereby extinguished. If the tax sale was illegal or invalid, said appellant was still entitled to have his tax lien for the amount expended ascertained, and have it declared a superior lien. *McCollum* v. *Uhl* (1891), 128 Ind. 304; *Allen* v. *Rice* (1897), 16 Ind. App. 572.

That he afterwards received conveyances of the lands from persons holding legal title at the time of the tax sale, would not affect his position in a case like the present, since equity would keep his lien alive to protect his rights. *Boos* v. *Morgan* (1892), 130 Ind. 305; *Chase* v. *Van Meter* (1895), 140 Ind. 321.

The tax title, properly averred, would be a good defense to appellee's claim, and would entitle said appellant to have his title quieted against it. The court therefore erred in sustaining the motions to strike out the amended and supplemental cross-complaint. Other questions have been raised, or attempted to be raised, some of which are not presented in such a manner as to entitle them to consideration. Others may not arise on a subsequent trial, and therefore are not considered.

Judgment reversed, with instructions to overrule the motion to strike out the amended cross-complaint and such other proceedings, as the rights of the parties demand, not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

HADLEY, C. J.—Upon his petition for a rehearing, appellee earnestly insists that the brief of appellant Ellison is not in conformity with rule twenty-two of this court, and therefore no question is presented on the ruling of the court on the motion to strike out the first paragraph of said appellant's cross-complaint. The main point of objection of appellee to said appellant's brief is that it is

not concise, that it is confused, and that it does not present the various matters under proper headings.

We concede that said appellant's brief is not a model of conciseness, lucidity or arrangement, but it does present the points relied upon for reversal in such a manner that they may be ascertained and clearly understood. The pleadings and rulings of the court thereon are set out, and consideration of all the questions passed upon can be fully given by the court without reference to the record. The brief shows a good-faith effort to comply with the rules, and presents a substantial conformity thereto. For further reasoning on this point see *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385.

Petition for rehearing denied.