**MICHIGAN MUTUAL INSURANCE COMPANY, Appellant (Defendant below),**

v.

**SPORTS, INC., d/b/a Imperial Lanes of Sports, Inc., Appellee (Plaintiff below).**

No. 84A04–9707–CV–314

Supreme Court of Indiana.

March 5, 1999.

Michael A. Wilkins, Ice, Miller, Donadio & Ryan, Indianapolis, Indiana, Gary R. Chopp, Jeffrey R. Learned, Morrison, Mahoney & Miller, Southfield, Michigan, Attorneys for Appellant.

Stephen L. Williams, John T. Roach, Mann Law Firm, Terre Haute, Indiana, Attorneys for Appellant.

## ON PETITION TO TRANSFER

PER CURIAM.

A jury awarded compensatory and punitive damages to Sports, Inc. in its bad-faith denial of insurance coverage suit against Michigan Mutual Insurance Company. The Vigo Superior Court entered judgment on the verdict. Michigan Mutual appealed, and the Court of Appeals affirmed the judgment. *Michigan Mutual Insurance Co. v. Sports, Inc.,* 698 N.E.2d 834 (Ind.Ct.App.1998).

Counsel for Michigan Mutual petitioned to transfer. Ind.Appellate Rule 11(B). In the opening paragraph of the brief accompanying the transfer petition, the attorneys asserted that the Court of Appeals opinion misstated material facts and misapplied controlling case law, and urged the Court to grant transfer. The attorneys emphasized this assertion with the following footnote:

> Indeed, the Opinion is so factually and legally inaccurate that one is left to wonder whether the Court of Appeals was determined to find for Appellee Sports, Inc., and then said whatever was necessary to reach that conclusion (regardless of whether the facts or the law supported its decision).

Brief in Support of Appellant's Petition To Transfer, p. 1, n.2.

As a scurrilous and intemperate attack on the integrity of the Court of Appeals, this sentence is unacceptable, and the Brief in Support of Appellant's Petition to Transfer is hereby stricken. *State v. Hoovler,* 673

N.E.2d 767, 768 (Ind.1997) (striking scandalous or impertinent material has long been part of Indiana practice, citing *Guthrie v. Howland,* 164 Ind. 214, 73 N.E. 259 (1905)). The Court also reminds counsel of their obligation under Indiana Professional Conduct Rule 8.2(a).

Because briefs are not necessary to invoke the jurisdiction of the Court on transfer, however, we have considered Michigan Mutual's transfer petition. Ind.Appellate Rule 11(B)(6). That petition is denied.

All Justices concur.