Mabin *v.* Webster.

Filed Oct. 28, 1891.

---

No. 14,751.

MABIN *v.* WEBSTER.

PLEADING.—*Complaint.*—*Motion to Reject.*—Where a complaint is sufficient to withstand a demurrer it is not error to overrule a motion to reject parts of the complaint.

SAME.—*Motion to Strike Out.*—*When Properly Overruled.*—A motion to strike out a paragraph of pleading admits the truth of all the facts well pleaded for the purpose of the motion, and it should not be sustained if the facts stated in the paragraph are relevant or pertinent to the question to which they are addressed, though not sufficient to withstand a demurrer.

MARRIAGE CONTRACT.—*Action for Breach.*—*Answer.*—*Rescission of Contract.*—*Must be Specially Pleaded.*—In an action to recover damages for an alleged breach of a marriage contract, the rescission of the contract is a proper defence to be pleaded to the action. It is error for the court to strike out a paragraph of answer alleging such a defence. The defence has to be specially pleaded, and is not admissible under the general denial.

SAME.—*Incurable Disease of Defendant.*—*Mitigation of Damages.*—In such an action it is competent for the defendant to prove in mitigation of damages that at the time of the breach he was afflicted with an incurable disease, and that marriage would have an injurious effect upon him, and probably shorten his life.

From the Dearborn Circuit Court.

*W. S. Holman, W. S. Holman, Jr., J. K. Thompson* and
*A. C. Downey,* for appellant.

*H. D. McMullen, W. R. Johnston, H. McMullen, G. M.
Roberts* and *C. W. Stapp,* for appellee.

OLDS, J.—This is an action to recover damages for an alleged breach of a marriage contract.

The first error assigned is that the court erred in overruling the appellant's motion to reject parts of the complaint, and the second error assigned is the overruling of the appellant's demurrer to the complaint.

We do not deem it necessary to set out the complaint or any portion of it, for it is clearly sufficient to withstand a demurrer, and the motion to reject parts was intended to take the place of and is to the same effect as a motion to strike out parts of the complaint, and there was no error in overruling the motion.

The next alleged error is in sustaining a motion to reject the third paragraph of appellant's answer.

This ruling of the court struck out the third paragraph of appellant's answer. Under our practice it is more commonly called a motion to strike out than to reject.

The third paragraph of answer was an attempt to plead a rescission of the marriage contract. The question as to whether or not it is properly pleaded so as to withstand a demurrer is not before us.

A motion to strike out admits the truth of all the facts well pleaded for the purpose of the motion, and the motion should not be sustained if the facts stated in the paragraph are relevant or pertinent to the question to which they are addressed, though not sufficient to withstand a demurrer. This is the doctrine as held by this court in the case of *Chicago, etc., R. W. Co.* v. *Summers,* 113 Ind. 10, and is well supported by authority. Such a motion will not perform the office of a demurrer. *Burk* v. *Taylor,* 103 Ind. 399. The rescission of the contract was a proper defence to

be pleaded to the action, and such defence was not admissible under any other paragraph of answer.

It is contended by counsel for appellee that such defence was admissible under the general denial, which was pleaded.

A plea alleging a rescission of contract is an affirmative plea. It admits the making of the contract, and alleges a rescission of it. The court erred in striking out the third paragraph of answer.

The sustaining of a demurrer to the fourth paragraph of appellant's answer is assigned as error.

This paragraph attempts to plead that the appellant was afflicted with epilepsy, rendering it unsafe and improper for him to consummate the marriage contract with appellee. The paragraph is so indefinite and defective in its allegations of fact as to be clearly bad, even if the defence attempted to be pleaded would be good if properly pleaded. There was no error in sustaining the demurrer to this paragraph.

It was claimed on behalf of the appellant that he was afflicted with epilepsy, which was incurable, and that the assumption of marital relations would aggravate the disease and produce both physical and mental weakness and hasten his death.

On the trial of the cause the appellant offered to read, in his own behalf, the deposition of one T. C. Smith, a competent physician. The witness testified to the appellant having epilepsy, and having treated him for the same during 1883 and 1884.

The appellee objected to the reading of questions 8 and 9 and the answers thereto, which objection was sustained and proper exceptions reserved, and it is contended that such ruling is error. Questions 8 and 9, and the answers thereto, are as follows :

" Q. 8. I ask you, as a medical expert, the following question : What would be the probability of ultimate recovery of a man fifty years of age who has been afflicted

Mabin *v.* Webster.

with epilepsy for a period of five years or more, the epileptic fits being of a violent character, and occurring at irregular intervals of from three to fifteen times a year? A. There would be little, if any, probability of recovery. It is possible, but not at all probable.

" Q. 9. What effect would marriage probably have upon a man fifty years of age who has never been married, who is and has been subject to epileptic fits during a period of ten years, the attacks becoming more frequent from their incipiency,—I mean upon the mental and physical health of the man? A. The probable effect would be an increased frequency of the attacks of epilepsy, with tendency to increase physical and mental weakness and hastening of death."

There is no contention but that the hypothetical case is applicable to the facts. The question presented is as to whether or not it is competent in such a case for the defendant to prove in mitigation of damages that at the time of the breach he is afflicted with an incurable disease, and that marriage would have an injurious effect upon him, and probably shorten his life.

In an action for breach of a marriage contract the plaintiff has the right to recover such damages as will compensate her for the non-fulfilment of the contract; she has the right to recover what would put her in as good a condition pecuniarily as she would have been in if the contract to marry had been fulfilled; she recovers for the disappointment of her reasonable expectations and worldly advantage of a marriage, which would give her a permanent home, an advantageous establishment. 2 Sedgwick Damages (8th ed.), section 638; *Lawrence* v. *Cooke,* 96 Am. Dec. 443.

Certainly, the anticipations and expectations of a happy future and a pleasant home in case of anticipated marriage would be greater, and the future would promise more, to one marrying a husband in full health and vigor, with a promise of long life and good health, and free from loathsome or

VOL. 129.—28.

hereditary diseases, liable to be transmitted to the children and fruits of the marriage, and the advantages to be gained by such a union would be prized higher than a union with one afflicted with an incurable and dreaded disease, having nothing to look forward to during the existence of the marital relations except to watch over and care for an unfortunate companion so sorely afflicted. The love for one who is afflicted may be mingled with pity and equally as strong and even bind them together more closely on account of such infirmities. In such case the uppermost wish would undoubtedly be for the restoration of her companion to health, and why so, if not for the betterment of both her husband's and her own condition? As health is preferable to sickness, so a marriage to one in good health must be preferable to a marriage with an invalid, afflicted with a dreaded disease, with no hope of recovery, and nothing to look forward to except continual suffering by the one and constant care on the part of the other.

In actions of this character even the financial condition of the defendant may be considered in estimating damages to be assessed and determining the advantage to have been gained by a consummation of the marriage.

It certainly is proper to show in mitigation of the damages that the defendant is afflicted with a dreaded incurable disease, which will not only cause the plaintiff constant care and anxiety, but shorten the term for which the marital relations may reasonably be expected to extend.

We are not without authority in support of the theory we have announced.

In 2 Sedgwick Damages (8th ed.), section 641, it is stated that " It may be shown in mitigation, that the defendant was affected with an incurable disease at the time of his breach of the promise," though it is further stated that this should depend upon prior knowledge of the fact by the plaintiff.

In this case it is not contended but that plaintiff had

knowledge of the defendant's affliction. In the case of *Sprague* v. *Craig*, 51 Ill. 288, the same doctrine is laid down. The court in that case says : "All must know that a marriage with a healthy person, free from all disease, would, when all things else were equal, be more desirable than with a person with an incurable and offensive disease." *Allen* v. *Baker*, 86 N. C. 91.

It follows from the conclusion we have reached that the court erred in surtaining an objection to this evidence.

There are numerous other errors alleged arising upon the trial of the cause, but as the judgment must be reversed on account of the errors in the rulings of the court in striking out the third paragraph of answer and excluding questions eight and nine, and the answers thereto in the deposition, we do not pass upon the other questions presented, as they will probably not arise on a re-trial of the cause.

Judgment reversed, with instructions to the circuit court to proceed in accordance with this opinion.

