Filed Sept. 22, 1893.

---

No. 848.

## FAYLOR v. BRICE.

FORFEITURE.—*Not Favored in Law.—When Forfeiture will be Decreed.—Lease.—Rent.—Failure to Pay.*—While forfeitures are not favored in law, yet when, by a reasonable construction, it appears that the contracting parties agreed that a forfeiture should take place upon the failure of one of the parties to the contract to comply with a material part thereof, courts will decree a forfeiture. So, where the covenants of a lease are, that the lessee shall pay a certain rental at stipulated intervals, and in case of failure to pay shall forfeit all rights to a continuance of the lease, it can not be said that such failure to pay is not a material covenant upon which to base a forfeiture.

DEMAND.—*Lease.—Nonpayment of Rent.*—In an action to have a lease declared forfeited for failure to pay rent as stipulated, the allegation that "the plaintiff, just before sunset, duly demanded payment of $120, the amount due on the premises," was a sufficient allegation to show a demand.

LEASE.—*Nonpayment of Rent.—Forfeiture.—Notice.*—Where a lease provides that notice shall not be necessary, on a failure to pay rent,

to terminate the lease, demand for the rent is unnecessary, and a failure to pay the rent as specified will work a forfeiture without notice.

SET-OFF.—*Statute Construed, Section 352, R. S. 1881.—Compensated Demands.—Payment.*—The provisions of section 352, R. S. 1881, are simply to preserve the rights of parties to have one claim or demand set off against another and to prevent the assignment of one to avoid it being set off by another, and such cross-demands are compensated in so far as they equal each other, but not in such a sense as to amount to payment, in the absence of an agreement to that effect.

PRACTICE.—*Answer.—Motion to Strike Out.—Nature and Effect of.— Harmless Error.—Reversible Error.*—A motion to strike out a paragraph of answer admits the truth of the facts alleged, for the purpose of the motion, the same as a demurrer, and where the facts, taken as true, make a good answer, it is error to strike it out, unless the same facts are admissible under another paragraph of answer.

From the Wells Circuit Court.

*L. Mock* and *A. Simmons,* for appellant.

*A. N. Martin* and *E. C. Vaughn*, for appellee.

Ross, J.—The appellee brought this action against the appellant, asking the forfeiture of a lease, and to recover possession of the leased premises.

The first error assigned calls in question the sufficiency of the complaint.

The lease declared on, under the terms of which the appellee by his complaint seeks a forfeiture, was to run for a term of one year from the first day of June, 1890, with the privilege of an additional two years. The complaint seeks to have a forfeiture declared for failure to pay rent, as provided in the lease.

Courts do not look with favor on covenants of forfeiture, hence they hold that such covenants must be construed most strictly against the party seeking the forfeiture.

The term for which the lease declared on was to run, was one year, with the privilege to the lessee to hold

thereunder for three years. That he had taken advantage of the privilege, and was holding under the three year term, is apparent from the allegations of the complaint, the installments of rent falling due on the first days of October, November, and December, 1891, for the failure to pay which a forfeiture is asked, not having accrued until after the first year of the term had expired.

While forfeitures are never favored in law, yet when, by a reasonable construction, it appears that the contracting parties agreed that a forfeiture should take place, upon the failure of one of the parties to the contract to comply with a material part thereof, courts will decree a forfeiture. When the covenants of a lease are, that the lessee shall pay a certain rental at stipulated intervals, and in case of failure to pay shall forfeit all rights to a continuance of the lease, it can not be said that such failure to pay is not a material covenant upon which to base a forfeiture.

It is urged that the following allegation in the complaint is insufficient to show a demand, viz.: "The plaintiff, just before sunset, duly demanded payment of $120, the amount due on the premises." In this contention, we can not agree with counsel. The demand is sufficiently alleged. The lease declared on was for a term of three years, the rent being payable monthly, and in case the rent was not paid when due, it was provided that said lease should terminate at once without notice.

Inasmuch as forfeitures are not favored by law, a landlord can not re-enter, declaring a forfeiture for the non-payment of rent, except upon a strict compliance with all the formalities required by the common law.

"In every case, before a landlord could enter for the nonpayment of rent, he must have made a formal demand of the precise sum due for the last current quarter, and if the demand included any portion of the rent of a

previous quarter, it would have been bad." Taylor's Landlord and Tenant, section 493.

In *Philips* v. *Doe on Demise*, 3 Ind. 132, it was held that a demand for the rent must be made on the premises before sunset of the day it fell due. See, also, *Jenkins* v. *Jenkins*, 63 Ind. 415, and cases cited; 8 Am. and Eng. Encyc. of Law, page 448.

The lease under consideration contains a provision that no notice of forfeiture is necessary for a failure to pay rent in order to terminate the lease. If no notice of forfeiture is necessary, no demand for the rent was necessary. Under the terms of the lease, it was incumbent upon the lessee to pay the rent at a specified time, and a failure on his part worked a forfeiture without notice. *Fifty Associates* v. *Howland*, 59 Mass. 214.

We think the complaint stated a cause of action.

The court below did not err in sustaining the demurrers to the second and third paragraphs of answer. These answers seek to show a payment of the rent due under the terms of the lease, by the entry of a credit on a note held by the appellant against the appellee, the credit, so far as the answers show, having been made without the knowledge or consent of the appellee. The contention of the appellant is that, inasmuch as the appellee was indebted to him on a note which appellant held against appellee, appellant could not become indebted to the appellee until the rent equaled the note. As counsel put it, "appellee's claim for rent, as we understand it, was extinguished by an equal amount of the said note appellant held against him. The theory of the answer is not that of set-off, and the note was not pleaded as such, but upon the theory that the demand for rent was compensated, and that the appellant was not indebted to appellee, and hence was not wrongfully holding the leased premises."

In support of this contention, section 352, R. S. 1881, has been cited, and is relied on by appellant. This section reads as follows: "When cross-demands have existed between persons, under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated, so far as they equal each other."

The provisions of this section are simply to preserve the rights of parties to have one claim or demand set off against another, and to prevent the assignment of one to avoid its being set off by another.

When the appellant failed to pay the first month's rent, he forfeited all rights to the possession of the property under the terms of the lease. From the time of the forfeiture, unless forfeiture was waived by the appellee, he was wrongfully in possession, and in an action brought against him to recover such possession and for damages for the unlawful detention thereof, the claim set up in these answers could not be enforced as a set-off.

The fourth paragraph of answer, in addition to the facts alleged in the second and third paragraphs, contains the further allegation that the appellant and appellee set-off the rent due under the lease against so much of said note. If the appellant and the appellee, by agreement, set off the rent against that amount of the note, as averred in this paragraph of the answer, that was a good defense, and established the fact that there was no forfeiture for failure to pay rent, as alleged in the complaint.

The appellee filed a motion to strike out this paragraph of the answer, which motion was sustained by the court, and the appellant now insists that the court erred in its ruling thereon.

According to the decisions of the Supreme Court, it is not necessary to examine into the sufficiency of the answer as a defense to determine the correctness of the court's ruling on this motion. The motion to strike out in this case, by the ruling of the court, is made to perform the office of a demurrer for want of sufficient facts, which, it is settled by numerous authorities, is error. *Burk, Exec.*, v. *Taylor*, 103 Ind. 399; *McCammack* v. *Mc-Cammack*, 86 Ind. 387; *City of Elkhart* v. *Simonton*, 71 Ind. 7.

In *Port* v. *Williams*, 6 Ind. 219, the court says: "Whether it was a sufficient defense to bar the action was wholly immaterial. It was, at least such pertinent matter as the court ought not to strike out on motion. It was not so irrelevant as to warrant that; it was not a sham defense. * * We are therefore of opinion that the court erred in sustaining the motion to strike out."

The motion to strike out admitted the truth of the facts alleged in the answer, and unless the answer showed on its face that the facts alleged constituted a sham defense or that the same facts were admissible under another paragraph of the answer, it was error to strike it out.

"While it is true that a motion to strike out a pleading is not the equivalent of a demurrer thereto, yet, where the motion has been sustained, it must be held, we think, that such motion, like a demurrer, admits the truth of all the facts well pleaded, for the purposes of the motion." *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10; *Mabin* v. *Webster*, 129 Ind. 430.

The facts alleged in this paragraph of the answer could not have been proven under any other answer, neither did the answer show the defense to be a sham.

The court, therefore, erred in sustaining appellee's motion to strike out the fourth paragraph of appellant's answer, for which the judgment of the court below is re-

versed at the cost of appellee, with instructions to over-rule the motion to strike out, and for further proceedings not inconsistent with this opinion.

