## KUNTZ ET AL. v. SPRINGER.

[No. 11,262.   Filed January 31, 1923.]

1. JUSTICES OF THE PEACE.—*Jurisdiction.—Action by Landlord Against Tenant for Possession.*—An action by a landlord against a tenant for possession of leased premises may be commenced before a justice of the peace.   p. 271.

2. ASSIGNMENT.— *Assignment of Interest in Estate.— Conclusiveness.*—Where defendant's daughter, after the settlement of her father's estate, in consideration of one dollar and love and affection, sold and assigned to plaintiff's mother all her interest in, and claims against, the estate under a compromise agreement, and plaintiff subsequently sold to defendant land under a defeasible title contract, and upon default in payment plaintiff brought an action for possession, defendant admitting nonpayment, but pleading a set-off by reason of an asserted interest in her father's estate, *held* that in view of the assignment, she had no interest in the estate or proceeds thereof received by plaintiff.   p. 272.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Sarah M. Springer against Clara Kuntz and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Fae W. Patrick, Clarke & Clarke* and *Homer Elliott,* for appellants.

*Charles T. Kaelin* and *S. C. Kivett,* for appellee.

MCMAHAN, J.—Complaint by appellee for possession of certain real estate, which appellants were holding under an agreement which, in all its essential features, is like the agreement set out in *Baltes Land, etc., Co.* v. *Sutton* (1900), 25 Ind. App. 695, 57 N. E. 974, and on the authority of that case we hold that the agreement mentioned in appellee's complaint is a lease, and that the action, being by a landlord against a tenant for possession, was properly commenced before a justice of the peace.   Appellants complain of the action in giving instructions Nos. 4 and 5.

By instruction No. 4, the court charged the jury that under the evidence appellee was entitled to the possession of the real estate and that their verdict should be for appellee upon that issue. By instruction No. 5, the jury was told that appellants were not entitled to recover anything on their answer to set-off. Appellants contend that appellee was indebted to them, or to appellant Clara, in an amount equal to, or greater than, the amount due and owing appellee on the purchase of the property, and that having paid the whole amount of the purchase money the contract was executed in so far as they were concerned and that they were entitled to a deed. Assuming the record sustains this contention, appellants insist that the justice of the peace before whom the action was commenced had no jurisdiction.

The evidence discloses that upon the death of one Warden, appellant Clara, claiming she was an illegitimate child of Warden, claimed the whole of his estate as heir.

2. Appellee, who is the mother of appellant Clara, filed a claim against Warden's estate for over $7,000. Certain relatives of Warden contested the claims of appellant and appellee. Litigation grew out of these claims. The several parties claiming to be heirs and appellee, settled and compromised their several claims including the claim of appellant Clara and a decree was entered giving appellee and her said daughter a one-third interest in said estate. There was nothing said in the agreement of settlement nor in the decree as to how this one-third interest was or should be divided between appellee and her daughter. After said settlement and compromise had been effected, appellant Clara, in consideration of one dollar and love and affection, sold and assigned all her right, title and interest in said estate and all claims and demands she had by reason of said compromise agreement to appellee. Appellee

afterwards purchased the real estate in question and later entered into a contract whereby she agreed to sell it to appellants for the sum of $2,000, payable $50 cash and $25 monthly thereafter, with the provision that when appellants had paid $1,000 a deed was to be executed. It was provided that until said sum of $1,000 was paid the contract was a lease only and on failure of appellants to make the payments appellee had the right of possession and the amount paid should be retained as damages for occupation. Appellants paid $175 on the contract and refused to make further payments.

Appellant Clara having sold and assigned all her interest in the estate of Warden to appellee she no longer had any interest therein or in the proceeds received by appellee. That assignment is in full force and effect and is an insurmountable barrier to appellants' contention. The estate of Warden was reduced to cash—and one-third of the proceeds was thereafter paid to appellee. Under the evidence appellee was not indebted to appellants in any amount and they were not entitled to have any part of the money received by appellee from said estate applied on the purchase price of the real estate in question. The court did not err in giving instruction No. 4.

And on authority of *Faylor* v. *Brice* (1893), 7 Ind. App. 551, 34 N. E. 833, we hold there was no error in giving instruction No. 5.

Judgment affirmed.