WOHADLO ET AL. *v.* FARY ET AL.

[No. 27,836. Filed February 8, 1943. Rehearing denied March 3, 1943.]

*Fred Barnett,* of Hammond, and *John D. Kennedy,* of East Chicago, for appellants.

*James J. Niemiec* and *A. A. Bochnowski,* both of East Chicago, for appellees.

RICHMAN, C. J.—The trial court upon motion struck out appellants' amended complaint in two paragraphs and entered judgment that they take nothing and pay the costs. The first paragraph seeks to review and vacate for errors of law a judgment of partition. It was not filed within one year from the date of the judgment. The second paragraph is for an injunction against the enforcement of the judgment

and is attempted to be brought under the rule in *Livengood* v. *Munns* (1940), 108 Ind. App. 27, 32, 27 N. E. (2d) 92, 94, which sustains the power of a court of equity "to enjoin the enforcement of unconscionable judgments secured by fraud or mutual mistake. . . ." The facts alleged show no fraud and nothing unconscionable in the proceedings or in the judgment itself.

The same alleged errors are relied on in both paragraphs. It is claimed that the sale on partition was for an inadequate price, that appellants' bid of $50 more than the sale price was not accepted, that the property was sold for $11,500 by a commissioner who was only required to give a $10,000 bond, that the commissioner offered to pay the taxes due on the property without authorization in the interlocutory judgment, that there were irregularities in appraisal, that the property was sold for less than two-thirds of its value, that the rights of a minor (not either of appellants) were not protected in the proceedings, that a judgment on accounting was entered against one of the appellants without any issues having been made, without stating in whose favor the judgment was given and without taking into consideration certain deductions which would have reduced the judgment and, finally, that some vacant lots described in the order of sale remained unsold. If there were any other irregularities in the proceedings or judgment, it is fair to assume that they would have been mentioned.

Failure to sell the lots is alleged to have been due to "the mutual mistake, accident and inadvertence of all of said parties and of said commissioner." Similar allegations are made with respect to some of the other matters above noted. It is clear beyond controversy that these were not the kind of mistakes that would authorize a court of equity to

set aside or enjoin the enforcement of a judgment entered in another proceeding.

Obviously the errors, if any, were errors of law and might have been corrected prior to the order approving the sale or by appeal from that order. In the statutory proceeding to review a judgment for errors of law it is necessary to show that objections and exceptions were made to present and preserve the errors. *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 23 N. E. (2d) 430, 431; *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 33 N. E. (2d) 109.

The proper procedure to test the sufficiency of these paragraphs of the complaint would have been by demurrer which if filed should certainly have been sustained. Instead they were stricken out on motion. The first paragraph clearly was an action under § 2-2605, Burns' 1933, § 429, Baldwin's 1934, and required by the statute to be filed within a year from the date of the judgment. No amendment could have set back the clock. The second paragraph is not substantially different from the first and is subject to the same rules. There is no semblance of equity in any of its allegations. The record shows that upon the sustaining of appellees' motion to strike out the amended complaint appellants refused to plead further and suffered judgment to be entered against them. Trial courts are liberal in permitting amendments and we have no doubt that if appellants had offered for filing an amended complaint stating other facts and predicated upon a new and correct theory the court would have permitted its filing. Instead they chose to stand upon the ruling from which it may be assumed that they thought they had made the best case the facts

warranted. Under these circumstances they were not harmed by the alleged error.

Judgment affirmed.

NOTE.—Reported in 46 N. E. (2d) 489.