ARMSTRONG v. PRESSLOR

[No. 28, 313. Filed June 26, 1947. Rehearing Denied September 25, 1947.]

*Harding & Harding*, of Crawfordsville, and *Craig & Craig*, of Brazil, for appellant.

*C. G. Powell*, of Montezuma, and *Aikman, Miller, Causey & Piety*, of Terre Haute, for appellee.

O'MALLEY, C. J.—The appellant was a defendant in an action on notes and to foreclose a mortgage. She answered in one pleading paragraph containing a great number of rhetorical paragraphs. The appellee filed

a motion to strike out the answer on the ground that it did not conform to the code or the rules of the Supreme Court of Indiana. The court sustained the motion to strike out the answer. Later, on motion of appellant, a change of venue was granted and the matter was sent to the Fountain Circuit Court. In that court, the plaintiff secured a rule to answer against the defendant, and the defendant requested and was granted an extension of time within which to file an answer. Eighteen months after such rule, the cause was set for trial and defendant's attorneys appeared in court on the day of trial. No answer had been filed but the court proceeded to hear evidence and at the conclusion of the trial rendered judgment for the plaintiff.

Within time, the appellant filed a motion for a new trial which was overruled. An appeal was then taken to the Appellate Court, where the cause was reversed. The appellee then petitioned for a transfer to this court and it was granted.

Under propositions and authorities it is asserted that:

1. The court erred in sustaining the motion to strike out appellant's answer.

2. The court erred in overruling the motion for a new trial for the reason that the decision of the court is not sustained by the evidence.

Each of the above are followed by points that pertain thereto, all of which are treated or eliminated in that part of this opinion which follows.

In Gavit's Indiana Pleading and Practice, Vol. 1, p. 67, § 20, it is stated that Rule 1-2 of this court does not provide a penalty for failure of the pleader to comply therewith. It further states that a motion to require the pleader to comply with the rule by separating and numbering a pleading in separate paragraphs would raise the question, and that failure to comply on order

to separate would justify a default. Rule 1-3 is likewise silent as to penalty for failure to comply, but in § 21 (m), p. 91 of Gavit, *supra*, it is stated that the question could be raised by demurrer or motion, and failure to comply with an order to paragraph would undoubtedly lead to the penalty of a default against the defendant.

In the instant case no default was taken. The court treated the sustaining of the motion to strike as if it were a motion to separate. The appellant failed to answer as ordered by the court even after she was given additional time. If the rule is to be enforced, some penalty should be applied, but we do not now decide whether that could be a default or something less drastic. While the motion to separate was the proper pleading, the record discloses that the conduct of the defendant and her attorneys during the pendency of the action obviated any possible claim of harm because of the court's ruling on the motion.

The court set the matter for trial and the attorneys for the defendant were present during the course thereof.

The case of *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E., (2d) 243, 145 A. L. R. 740, was an action to replevin a diamond ring. The answer was in general denial and not in conformity with Rule 1-3 of this court. This court determined in that case that the plaintiff was entitled to judgment on the pleadings, but that such right was waived by going to trial on the merits.

In *Parscouta* v. *State, ex rel.* (1905), 165 Ind. 484, 485, 75 N. E. 970, an action for mandate, this court discussed the rights of a defendant who failed to file an answer and in that opinion there may be found the following statement:

"It is now settled under the code that where a defendant fails to file an answer and no default is taken against him, but he goes to trial, he can not on appeal to the Supreme Court complain that no issue was formed."

In 3 Am. Jur., p. 571, § 1021, it is held that the striking out of a pleading is not reversible error unless it is prejudicial. In 5 C. J. S., pp. 173, 174, § 1501, it is said that:

"An appellant . . . will not be permitted to take advantage of errors which he himself committed, or invited or induced the trial court to commit, or which were the natural consequences of his own neglect or misconduct."

If no substantial right of the pleader has been affected, error in ruling on a motion to strike does not constitute grounds for reversal. 5 C. J. S., pp. 875, 876, § 1689.

In the above authority it is stated that:

"Error in sustaining a motion to strike is usually regarded as harmless where the party otherwise has the benefit of the matter set up in his stricken pleading, or has had ample opportunity to file another pleading to replace the one stricken, . . . . ."

In *Wohadlo* v. *Fary* (1943), 221 Ind. 219, 222, 46 N. E. (2d) 489, 490, this court had before it a question raised below on a petition to review. The court sustained a motion to strike out an amended complaint, and the plaintiff then refused to plead further and suffered judgment to be rendered against him. On appeal this court used the following language:

"Trial courts are liberal in permitting amendments and we have no doubt that if appellants had offered for filing an amended complaint stating other facts and predicated upon a new and correct theory the court would have permitted its filing.

Instead they chose to stand upon the ruling from which it may be assumed that they thought they had made the best case the facts warranted. Under these circumstances they were not harmed by the alleged error."

It may be readily seen that in the instant case the appellant was invited to file an answer under the rules when the court ruled that she answer. It may likewise be readily reasoned that she intended to file an answer in conformity with the rules when her attorneys secured additional time to file answer. It is plain to us that the lower court treated the motion to strike as if it were a motion to separate into proper pleading paragraphs and we cannot understand why an answer was not filed. Certainly the answer filed in the first instance did not comply with the rules of pleading in use in our courts, and the lower court could and should have required that the pleadings be so drawn as to conform thereto. Since the proper motion, if used by the plaintiff below, would have afforded no greater right or opportunity to plead a defense than the opportunity and request which were readily granted, we feel that it cannot now be asserted that the action of the court harmed or prejudiced the rights of the appellant. See *Western Machine Works* v. *Edwards M. & T. Corp.* (1945), 223 Ind. 655, 63 N. E. (2d) 535.

It is claimed that there was no evidence to support the decision, that no witnesses were sworn and that the decision granted a greater amount than that requested in the complaint. We have examined the evidence and while it is not voluminous, it is sufficient to support the decision of the court. The record shows witnesses were sworn, evidence was heard and the attorneys for the appellant raised no objection

to anything done at the trial. It is now too late to claim that evidence was improperly admitted.

In the case of *Cleveland, etc., R. Co.* v. *Woodbury Glass Co.* (1923), 80 Ind. App. 298, 312, 120 N. E. 426, 431, the Appellate Court, while considering the question of granting an amount in excess of that demanded in the prayer of the complaint used the following language:

> "In such a case the demand in the pleading will be deemed to have been amended to meet the amount of damages proved and found."

In the instant case there was evidence from which the court could have found the amount due to be in excess of the demand and equal to the amount awarded.

We consider the amount of the demand amended to conform to the evidence.

Finding no reversible error the judgment is affirmed.

Emmert, J., concurs in the result.

Gilkison, J., dissents with opinion.

NOTE.—Reported in 73 N. E. (2d) 751.

## DISSENTING OPINION

GILKISON, J.—I am unable to agree with the majority opinion in this case for the following reasons:

In the first 10 rhetorical paragraphs of the answer the defendant states that she admits, denies, or is without information as to the facts stated in each rhetorical paragraph of the complaint, and this is done without enlargement or elaboration. It therefore constitutes a good answer under rule 1-3 of our court.

Rhetorical paragraph 11 pleaded lack of consideration; 12 pleaded payment; 13 and 14 pleaded misrepresentation and fraud, and 15 pleaded set off. This made

the answer irregular and subject to a motion to para-graph and number. §§ 2-1006, 2-1015, Burns' 1946 Replacement; Rule 1-3, *supra*. But the plaintiff did not file a motion to require the defendant to paragraph and number her separate defenses and thereby he waived this irregularity. The only pleading filed by the plaintiff to test the answer was a motion to reject and strike it out for the reason it was "not such a pleading as is recognized by the code or rules of the Supreme Court of the State of Indiana." The trial court sustained this motion and struck out the answer.

Our code—§ 2-1054, Burns' 1946 Replacement—so far as applicable to this motion provides:

> "An answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories pro-pounded to him to ascertain whether the pleading is false; . . ."

The answer clearly discloses on its face that it is not sham, but that it is quite real and factually true. It does not attempt to simulate, to feign, to make pre-tense of, or to obtrude by fraud or imposition. Under our code and the repeated decisions of our courts entire pleadings may be rejected or stricken out only when it clearly appears that they are sham, false in fact and merely intended for delay. *Fort* v. *Williams* (1855), 6 Ind. 219, 221; *Mabin* v. *Webster* (1891), 129 Ind. 430, 431, 432, 28 N. E. 863; *The Chicago and Atlantic Ry. Co.* v. *Summers* (1887), 113 Ind. 10, 14, 15, 16, 14 N. E. 733; *Atkinson* v. *Wabash R. R. Co.* (1895), 143 Ind. 501, 507 to 510, 41 N. E. 947; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 216, 221 to 225, 73 N. E. 259; *Hart* v. *Scott* (1907), 168 Ind. 530, 532, 81 N. E. 481;

*Moorhouse* v. *Kunkalman* (1911), 177 Ind. 471, 480, 481, 96 N. E. 600; *Faylor* v. *Brice* (1893), 7 Ind. App. 551, 555, 556, 34 N. E. 833; Flanagan Indiana Pleading & Procedure, § 119, Com. 1.

I find no factual basis in the record for a statement that "The court treated the sustaining of the motion to strike as if it were a motion to separate." Had it been so treated, the order on sustaining it must necessarily have been that the defendant separately paragraph and number his defenses. Such an order would have agreed with the code, §§ 2-1006, 2-1015, Burns' 1946 Replacement, and with our rule, 1-3. After the answer was stricken, the court's order was that the defendant plead further—a proper order only on sustaining a demurrer. §§ 2-1010, 2-1013, Burns' 1946 Replacement. Appellee admits that a motion to strike can not properly be treated as a demurrer, but evidently the lower court so treated it in this case, and this is reversible error.

I know of no authority authorizing the striking out of a pleading, because it is "not such a pleading as is recognized by the code or rules of the Supreme Court of the state of Indiana." An answer is a pleading recognized by both the code of the state—§ 2-1003, Burns' 1946 Replacement, and the rules of our court— Nos. 1-1, 1-2, and 1-3.

The sufficiency of the answer can not be tested by the motion to strike out. If it is not clearly a sham answer on its face, and contains pertinent matter of defense, which even if insufficient to constitute a defense might be made sufficient by amendment, it is reversible error to strike it out. *Fort* v. *Williams, supra; Guthrie* v. *Howland, supra; Hart* v. *Scott, supra.*

Appellant was grievously harmed by the erroneous ruling of the trial court. She had a right to save the

question, and present it on appeal. Having filed an answer containing all her defenses, and it having been stricken out on motion of the plaintiff, she could hardly presume that if she filed it again, even in a different form but containing the same facts, it would not suffer a similar fate. Since only sham pleadings may be stricken out, appellant had a right to think the trial court believed her several defenses were each sham and that they would be again stricken if filed.

In the case of *Wohadlo* v. *Fary* (1943), 221 Ind. 219, 46 N. E. (2d) 489 as the pertinent reason for sustaining the action of the lower court in striking out two paragraphs of complaint, this court said:

> "The first paragraph seeks to review and vacate for errors of law a judgment in partition. It was not filed within one year from the date of the judgment." . . .
>
> "The proper procedure to test the sufficiency of these paragraphs of complaint would have been by demurrer which if filed should certainly have been sustained. Instead they were stricken out on motion. The first paragraph clearly was an action under § 2-2605, Burns' 1933, and required by statute to be filed within a year from the date of the judgment. No amendment could have set back the clock. The second paragraph is not substantially different from the first and is subject to the same rules."

For the reasons given, evidently these pleadings showed upon their face that they were sham, and for that reason the action of the trial court in sustaining a motion to strike them out was affirmed. No such fault can be found in the stricken answer in the instant case.

After the answer was stricken appellant obtained additional time in which to plead further, but she did not do so. Securing additional time in which to plead

further was in no sense a waiver of the error in the ruling to strike out the answer.

For the error in striking out a legally sufficient answer the judgment should be reversed.

NOTE.—Reported in 73 N. E. (2d) 853.